## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANICE TEHIE** | : **CIVIL ACTION** |
| | : |
| v. | : |
| | : **NO. 17-3504** |
| **CHILDREN'S LITERACY INITIATIVE** | : |

## ORDER

**AND NOW**, this 27th day of December 2017, upon considering the parties' Joint Motion to

approve a confidential settlement agreement under the Fair Labor Standards Act (ECF Doc. No.

13) and finding the attached settlement agreement is a fair and reasonable settlement of a *bona fide*

dispute and there would be some doubt as to whether the Plaintiff would succeed on the merits at

trial but finding confidentiality of the settlement agreement is not warranted[1], it is **ORDERED** the

Joint Motion (ECF Doc. No. 13) is **GRANTED**:

      1.     The attached settlement agreement is **approved** as a fair and reasonable settlement

of a *bona fide* dispute over FLSA provisions and not a mere waiver of statutory rights brought

about by the employer's overreaching; and,

---

[1] Given the public policy expressed in Congress' intent "both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace", we require "parties file proposed settlements on the public docket unless there are very compelling reasons to override the strong presumption …FLSA settlements should be available for public view." *Lyons v. Gerhard's Inc.,* No. 14-6693, 2015 WL 4378514, *3 (E.D.Pa. July 16, 2015)(quoting *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1245 (M.D.Fla. 2010) and *Weismantle v. Jali*, No. 13-1087, 2015 WL 1866190, *2 (W.D.Pa. Apr. 23, 2015)); *Adams v. Bayview Asset Management, LLC,* 11 F.Supp.3d 474, 476-77 (E.D.Pa. 2014). The parties make no showing of a reason to override the strong presumption and instead leave the decision to file the settlement agreement in our discretion. Absent very compelling reasons, we attach the settlement agreement even when the employer agreed not to retaliate for a breach of the required confidentiality. *Compare Schwartz v. Pennsylvania State University*, No. 15-2176, 2017 WL 1386251, *5 (M.D.Pa. Apr. 18, 2017)(employer agreed <u>not</u> to retaliate for a breach of confidentiality).

2.     The Clerk of Court shall **close** this case.

_____
KEARNEY, J.

**CONFIDENTIAL**

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

**WHEREAS**, **JANICE TEHIE** (hereinafter referred to as "Tehie" or "Plaintiff") having filed a complaint against her former employer, **CHILDREN'S LITERACY INITIATIVE** (hereinafter referred to as "CLI"), in the United States District Court for the Eastern District of Pennsylvania and docketed as Civil Action No. 17:3504, asserting claims arising out of and relating to the Plaintiff's former employment with CLI (hereinafter the "litigation"); and

**WHEREAS**, Tehie and CLI (hereinafter jointly referred to as the "parties") seek to amicably resolve any and all matters in controversy, disputes, causes of action, grievances claims, contentions and differences between them; and

**WHEREAS**, CLI, including its successors, assigns, representatives, agents, parents, subsidiaries, divisions, affiliates, related companies, and all of their present and former officers, agents, directors, supervisors, attorneys, insurers, reinsurers, employees, stockholders, and each and every one of them and their heirs, executors, administrators, successors, and assigns, and all persons acting by, through, under or in concert with any of them (hereinafter "Releasees"), believe they acted lawfully and properly at all times and in all respects and specifically deny any and all liability for the claims asserted by Tehie, but desire to avoid the legal fees and expenses that necessarily will result from further litigation; and

**WHEREAS**, the parties, who have received independent legal advice in this matter, wish to settle the litigation in a manner that will obviate the need for further litigation of the above-mentioned action and will preclude the bringing of any other claim, cause, proceeding or action against Releasees by providing Tehie with an amount of money that will recompense her for any and all of her respective claims, including her respective costs and attorneys' fees;

**NOW, THEREFORE**, in consideration of the total gross sum of **THIRTY THOUSAND DOLLARS ($30,000.00)** as damages for Tehie's claims and her attorneys' fees, the parties have reached a full and final compromise and settlement of any and all matters in controversy, and Plaintiff hereby agrees as follows:

1.  **RELEASE FROM TEHIE:**    Plaintiff irrevocably and unconditionally releases and forever discharges, for herself, her heirs, beneficiaries, executors, administrators, representatives, successors and assigns, Releasees from any and all manner of action and actions, cause and causes of action, suits, claims, grievances, debts, sums of money, accounts, reckonings, bonds, bills, claims for attorneys' fees, interest, expenses and costs, covenants, contracts, controversies, agreements, promises, damages, judgments, claims and demands of any nature whatsoever known or unknown, suspected or unsuspected, in law or in equity, civil or criminal, vested or contingent, which Tehie ever had, now has or asserts against Releasees, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date hereof, including, though not by way of limitation, all matters which were asserted or could have been asserted in all actions or claims identified above or any matter arising out of Tehie's employment with CLI, and any other state or federal statutory, constitutional, contract or common law claims, including, but not limited to, all claims including those brought, or that could have been brought under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., ("Title VII"), the Reconstruction Era Civil Rights Act, as amended, 42 U.S.C. §§ 1981, et seq. ("Civil Rights Act"), the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981a, et seq. ("CRA of 1991"), the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. ("ADA"), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.;  the Family and

2

**CONFIDENTIALITY NOTE:** The    contents of this document are not to be disclosed to anyone other than the individuals designated herein.

Medical Leave Act, 29 U.S.C. §§ 2601, et seq. ("FMLA"), the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"), the Equal Pay Act, 29 U.S.C. § 206d, et seq. ("EPA"), the Rehabilitation Act, 29 U.S.C. §§ 701, et seq. ("RA"), the Pregnancy Discrimination Act, 42 U.S.C. §§ 2000, et seq. ("PDA"), the Pennsylvania Human Relations Act ("PHRA"), The Pennsylvania Minimum Wage Act, The Pennsylvania Wage Payment and Collection Law ("PWPCL"), The Pennsylvania Workers Compensation Law, and/or any and all other equivalent federal, state, local or statutes, laws, rules and regulations pertaining to employment, as well as any and all claims under state contract, common or tort law including claims for breach of contract, promissory estoppel, detrimental reliance, breach of a covenant of good faith and fair dealing, negligent retention, defamation, loss of consortium, breach of public policy or for benefits (except for vested benefits).

2.    *DISMISSAL OF ACTION:*    Tehie understands and agrees that this Agreement terminates the above-referenced litigation with prejudice and any and all claims related to the facts giving rise to the litigation.

3.    *FEES AND COSTS:*    Tehie further understands and agrees that the parties are to bear their own fees and costs and that neither is a prevailing party under any applicable law, statute or regulation. In addition, Tehie hereby agrees that she shall instruct and authorize her attorney to execute the Stipulation of Dismissal With Prejudice attached as Exhibit A.

4.    *PAYMENT:*    Tehie understands that, in consideration for the promises and agreements set forth herein, the Releasees agree to pay to Tehie the gross amount of THIRTY

3

CONFIDENTIALITY NOTE: The    contents of this document are not to be disclosed to anyone other than the individuals designated herein.

THOUSAND DOLLARS ($30,000.00) payable as follows:

      (a)   One check in the amount of $ 9,550.00 payable to JANICE TEHIE, which shall represent lost wages, and subject to backup withholding. A W-2 shall be issued to Tehie for this payment.

      (b)   One check in the amount of $ 9,550.00 payable to JANICE TEHIE, which shall represent emotional distress damages and shall not be subject to any withholdings. A Form 1099 shall be issued to Tehie for this payment.

      (c)   One check in the amount of $ 10,900.00 payable to MURPHY LAW GROUP, LLC, as attorneys' fees and costs, subject to a Form 1099.

Tehie further understands and agrees that the payment of the monies herein set forth does not constitute an admission of liability or violation of any applicable law, contract provisions, benefit plan, rule nor regulation, as to which Releasees expressly deny any such liability or violation. Payment of the money set forth herein will not be due and owing until thirty (30) days after (a) the executed Confidential Settlement Agreement and Release is received by Pádraig P. Flanagan, Esq., from Tehie, (b) the completed and executed W-9 form from Murphy Law Group, LLC is received by Pádraig P. Flanagan, Esq., and, (c) the appropriate Stipulation of Dismissal With Prejudice is filed with the Court.

      5.    ***INCOME TAXATION:***   Tehie understands and agrees that payment of monies herein set forth is in the nature of compensation for any and all claims including, but not limited to, alleged wages, personal injuries (pain and suffering), emotional distress injuries, and attorneys' fees and costs claimed by her. Tehie has full and complete responsibility for any taxes, penalties or assessments of any kind, which may become due in connection with payments made

CONFIDENTIALITY NOTE: The   contents of this document are not to be disclosed to anyone other than the individuals designated herein.

under this Agreement for which CLI did not withhold taxes.

Tehie understands that certain taxing authorities may, subsequent to this Agreement, characterize payments made under this Agreement in a manner different from that which is intended by the parties and reflected in this Agreement. Tehie agrees to accept full, complete, sole and entire responsibility for any tax liability, interest or penalty that may be assessed against or incurred by the Releasees as a result of not withholding taxes on any monies paid pursuant to this Agreement, and Tehie agrees to indemnify and hold harmless and pay to the Releasees an amount equal to such tax liability, interest or penalty, including Releasees' share of FICA should it be assessed against the Releasees for payments which CLI issued a Form 1099.

6.     *CONSIDERATION*:  Tehie acknowledges that the only consideration for signing this Agreement is as set forth in this Agreement, that the consideration received for executing this Agreement is greater than that ordinarily provided by Releasees under any contract, severance plan, policy or practice; that no other promises of any kind have been made to her by any person or entity whatsoever to cause her to sign this Agreement; that she is competent to execute this Agreement; and she has been advised and given the opportunity to consult advisors, legal and otherwise, of her own choosing; and that she fully understands the meaning and intent of this Agreement. Tehie specifically represents that she has been represented in this matter by Murphy Law Group, LLC, and this Agreement has been explained to her by her counsel. With respect to Plaintiff's release of any ADEA claim she has or may have had, Tehie acknowledges that she has been given at least twenty-one (21) days to consult with her attorneys concerning the terms of this Agreement and that she has seven days to revoke this Agreement after she signs it.

7.     *REHIRE*:     Tehie understands and agrees that Releasees and/or any

5

CONFIDENTIALITY NOTE: The   contents of this document are not to be disclosed to anyone other than the individuals designated herein.

affiliated company, shall be under no obligation to reinstate, rehire nor consider her for future employment. Tehie expressly agrees that she will not apply for any such employment reinstatement or rehire at any time in the future. The Releasees agree that in response to written inquiries about Tehie by prospective employers, they will provide Tehie with a neutral employment reference (i.e., dates of hire and separation, rate of pay and position at separation) to prospective employers. Such requests for information shall be directed only to: Joel Zarrow, President and Chief Executive Officer, Children's Literacy Initiative.

8.    **CONFIDENTIALITY:**    Tehie agrees to keep this settlement confidential and further agrees that she will keep confidential and shall make no disclosure of, nor reference to, the existence of the terms of this Confidential Settlement Agreement and General Release to any person, firm corporation, association, partnership or any entity of any kind or identity whatsoever including, but not limited to, current, former or future employees of Releasees or any of its related companies. This confidentiality requirement shall not prohibit Tehie from disclosure to her accountants, financial advisors and/or attorneys in this litigation (as to whom she will inform of the instant confidentiality requirement and Tehie shall be responsible for any disclosure by them), or as shall be compelled by court order, subpoena or other legal process. If disclosure is compelled by court order, subpoena or other legal process, Tehie shall provide notice to Pádraig P. Flanagan, as counsel for CLI, of same, within five (5) days of the issuance or entry of any such order or legal process.

Tehie hereby promises and agrees not to discuss with anyone other than the individuals identified above the factual allegations or legal contentions set forth in the charges or any matters related thereto including, but not limited to, any aspect of investigation, negotiations,

**CONFIDENTIALITY NOTE:** The    contents of this document are not to be disclosed to anyone other than the individuals designated herein.

the claim itself or the settlement amount; except that Tehie may disclose such information if such disclosure is compelled by subpoena, court order, or other legal process. No other disclosure as to the existence or terms of this Confidential Settlement Agreement and General Release may be made without the prior written consent of Releasees, except that Tehie may state that the matters in dispute have been amicably resolved. Tehie hereby understands, covenants and agrees that the obligations of the confidentiality provision of this Agreement are continuing, absolute and binding and the terms are not to be violated either directly or indirectly. Tehie further understands and agrees that Releasees may seek to enforce this confidentiality requirement by seeking appropriate equitable relief, but that Releasees shall not be entitled to recover legal damages or penalties associated with her violation of this confidentiality requirement in any such enforcement action.

9. **BREACH:** In the event that the Releasees become aware of circumstances which lead to the conclusion that a breach of the confidentiality provision of this Agreement has occurred, Releasees shall have the expressed right to immediately proceed to any court of competent jurisdiction to seek injunctive (both temporary and permanent) relief against Tehie (to be determined based on the facts presented to Releasees at the time of the breach). In any proceeding to enforce the terms of this Agreement, the Agreement may be introduced under seal in order to maintain its confidentiality, and, if the Releasees are successful, Tehie may be required to indemnify Releasees for any and all reasonable costs and attorneys' fees incurred in connection with any such proceeding. Notwithstanding any such relief, all of the other terms of this Confidential Settlement Agreement and General Release including, without limitation, Tehie's releases of all claims against Releasees, shall remain in full force and effect. Except with respect to the confidentiality requirement, the remedies provided for in this provision shall not be

7

construed to be exclusive and do not bar any other claims for relief, either at law or equity, with respect to Tehie's obligations under paragraphs 1 and 2 of the Agreement.

        **10.**    ***CHOICE OF LAW AND FORUM:***   The Agreement shall in all respects be interpreted, enforced, governed under the substantive and procedural laws of the Commonwealth of Pennsylvania, without regard to principles of conflicts of law. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the parties. The parties consent and stipulate to the personal jurisdiction of the Courts of Pennsylvania in any subsequent proceeding to enforce this Agreement.

        **11.**    ***INVALIDITY:***   Should any provisions of this Agreement be declared to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be part of this Agreement, except if the general release and waiver set forth in Paragraphs 1 and 2 of this Agreement is deemed invalid, Tehie will be required to return any and all monies paid under this Agreement.

        **12.**    ***BENEFIT NOT OTHERWISE ENTITLED TO:***   Tehie acknowledges and understands that this Agreement covers only those claims arising prior to the date it is signed; that the above-referenced consideration is the total payment she will receive from Releasees and exceeds that to which she would otherwise be entitled; that she is not entitled to any additional payments under Releasees' policies or benefit plans; and that it is in exchange for the above-referenced good and sufficient consideration that she agrees to the provisions herein.

        **13.**    ***ENTIRE AGREEMENT:***   This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements or

CONFIDENTIALITY NOTE: The contents of this document are not to be disclosed to anyone other than the individuals designated herein.

understandings, written or oral, between the parties hereto pertaining to the subject matter hereto. Tehie represents and acknowledges that in executing this Agreement she does not rely and has not relied upon any representation or statement made by any of the Releasees or by any of the Releasees' agents, representatives or attorneys, with regard to the subject matter or effect of this Agreement or otherwise, other than as specifically stated in this written Agreement. Tehie further declares that in making this Confidential Settlement Agreement and General Release she relies entirely upon her own judgment, belief and interests and the advice of her counsel.

14.  **WHO IS BOUND**:    All signatories to this Agreement are hereby bound by its terms. All who succeed to the rights and responsibilities of all signatories, including heirs, executors, assigns and successors in interests, are also bound by this Agreement. Should either party breach this Agreement, and a breach is successfully proven by the other, the party seeking to enforce the Agreement shall be entitled to reasonable attorneys' fees and costs in seeking to enforce the Agreement.

15.  **NO COERCION**:    Tehie acknowledges that she has executed this Agreement after consulting with her attorney, and considering the terms of the Agreement. Tehie further acknowledges that she has read this Agreement in its entirety, understands all of the terms and freely, voluntarily and knowingly, without duress or coercion, assents to all the terms and conditions contained herein.

**By signing below, Tehie indicates that she has carefully read and understands the terms of this Agreement, that she enters into this Agreement knowingly, voluntarily and of her own free will, and that she understands its terms and significance and intends to abide by its provisions without exception.**

9

CONFIDENTIALITY NOTE: The    contents of this document are not to be disclosed to anyone other than the individuals designated herein.

Dated: _____    JANICE TERIE


CHILDREN'S LITERACY INITIATIVE

Dated: _____    BY: _____
Name: Joel Zarrow
Title:   President and Chief Executive Officer

## REPRESENTATION BY PLAINTIFF'S COUNSEL

I, Michael Murphy, represent that neither I, nor any partner, associate, paralegal, or other agent of the Murphy Law Group, LLC contemplate the filing of an employment related lawsuit on behalf of any former or current employee of Children's Literacy Initiative. I acknowledge that my representations set forth herein are material and were relied upon by Children's Literacy Initiative to enter into this Confidential Settlement Agreement and General Release.

MURPHY LAW GROUP, LLC
Attorneys for Plaintiff

Dated: _____    BY: _____
Michael Murphy, Esq.

CONFIDENTIALITY NOTE: The    contents of this document are not to be disclosed to anyone other than the individuals designated herein.

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JANICE TEHIE,                                                Civil Action No. 17:3504

               Plaintiff,

vs.

CHILDREN'S LITERACY INITIATIVE,

               Defendant.

The above entitled action, having been amicably adjusted by and between the parties, it is hereby stipulated and agreed that the same be and hereby is dismissed with prejudice under Local Rule 41.1(b), and with all parties bearing their own legal fees and costs.

MURPHY LAW GROUP, LLC                    FLORIO PERRUCCI STEINHARDT &
Attorneys for Plaintiff                              FADER, L.L.C.
                                                          Attorneys for Defendant

By: _____          By: _____
      Michael Murphy, Esq.                            Pádraig P. Flanagan, Esq.

Date: _____                                  Date: _____

11

**CONFIDENTIALITY NOTE:** The contents of this document are not to be disclosed to anyone other than the individuals designated herein.